627 P.2d 686

**STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, and the Honorable Ben C. Birdsall, Judge of the Superior Court, Division IX, Respondent,**

and

**William David Dobbs, Real Party in Interest.**

No. 15263–PR.

Supreme Court of Arizona, In Banc.

March 31, 1981.

Rehearing Denied May 5, 1981.

Stephen D. Neely, Pima County Atty. by Kevin Miniat, Deputy County Atty., Tucson, for petitioner.

Sidney L. Kain, Tucson, for real party in interest.

CAMERON, Justice.

Defendant, William David Dobbs, was charged with the crime of attempting to obtain narcotics by fraud or deceit in violation of A.R.S. § 36–1017, as amended. The offense allegedly occurred on 5 September 1980. The trial court granted the defendant's motion to dismiss the indictment based on the invalidity of the statute. The State petitioned the Court of Appeals, Division Two, for a special action which was

denied. We granted the State's petition for review. We have jurisdiction pursuant to A.R.S. § 12–120.24, Rule 31.19, Rules of Criminal Procedure, 17 A.R.S., and Rule 8(b), Rules of Procedure for Special Actions, 17A A.R.S.

We must decide whether A.R.S. § 36–1017 was a valid statute at the time of its alleged violation by defendant.

The facts necessary for a determination of this matter are as follows. In 1979, the Arizona legislature, in Laws 1979, Chapter 103, adopted the Uniform Controlled Substances Act, A.R.S. § 36–2501 et seq., and the subject matter of A.R.S. § 36–1017 was relocated in A.R.S. § 36–2531(J)(3). Chapter 103 was titled "Controlled Substances—Uniform Act: Conforming Changes."[1] Section 14 of Chapter 103 provided for repeal of Article 1, Chapter 9, Title 36 of the Arizona Revised Statutes which included A.R.S. § 36–1017. Section 17 of Chapter 103 provided that "This act becomes effective on July 1, 1980." Had the legislature done nothing more at this point, A.R.S. § 36–1017 would have been repealed on 1 July 1980 and its subject matter incorporated in A.R.S. § 36–2531 of the Uniform Controlled Substances Act which would have been effective the same day.

Prior to 1 July 1980, however, the legislature enacted Laws 1980, Chapter 112, Section 1. The act reads as follows:

"CONTROLLED SUBSTANCES—UNIFORM ACT EFFECTIVE DATE; ADVISORY COMMITTEE

CHAPTER 112

HOUSE BILL 2231

"An Act relating to crimes; providing for a change in the effective date of the Uniform Controlled Substances Act; providing for an advisory committee on controlled substances; prescribing membership, duties and report requirements, and amending Laws 1979, chapter 103, section 17.

---

1. In this opinion we refer to Chapter 103 as the Uniform Controlled Substances Act rather than to just Section 13 thereof which is titled "Chapter 27—Uniform Controlled Substances Act."

"Be it enacted by the Legislature of the State of Arizona:

Section 1. Section 36–1004, as amended by Laws 1979, chapter 103, section 17, is amended to read:

Sec. 17. Effective date

This act becomes effective on July 1, ~~1980~~ 1981. \* \* \* \* \* \* \* \*." 1980 Ariz.Sess. Laws. Ch. 112, § 1, at 257.

The act contained an emergency clause and was approved by the Governor on 22 April 1980.

Defendant was charged with violation of A.R.S. § 36–1017 after the effective date contained in Chapter 103, Laws 1979, of 1 July 1980, but before the effective date of Chapter 112, Laws 1980, 1 July 1981.

It was defendant's contention in the trial court and here that Laws 1980, Chapter 112, extended the effective date of A.R.S. § 36–1004 only. Therefore, A.R.S. § 36–1017 was repealed effective 1 July 1980 and was not in effect on the date of the alleged violation, 5 September 1980. The trial court agreed stating:

"THE COURT FINDS that A.R.S. 1017 was repelled [repealed] effective July 1, 1980. The effective date of the appeal [repeal] was not extended by chapter 112 of the 1980 Second Regular Session (House Bill 2231), and since the Defendant is charged with a crime under that section, alleged to have been committed on or about September 5, 1980,

"IT IS HEREBY ORDERED [ORDERED] that the Motion to Dismiss is Granted and the charges against the Defendant are Dismissed Without Prejudice, with the State's right to file any criminal charges arising out of the incident of September 5, 1980."

The State contends, however, that Chapter 112, Laws 1980, extended the effective date of the entire Uniform Controlled Substances Act, Chapter 103, and not just A.R.S. § 36–1004, as a literal reading of Chapter 112 might indicate. The State contends that a literal interpretation leads to absurd results—the effective date of A.R.S. § 36–1004 would be extended to 1 July 1981 while the rest of "the act" became effective on 1 July 1980, including the repeal of A.R.S. § 36–1017. We agree with the State. As the State points out, a literal application of the language of Chapter 112 would mean that A.R.S. § 36–1004, which prohibits the transportation and sale of marijuana, would not go into effect until 1 July 1981, while possession of marijuana, A.R.S. § 36–1002, and possession of marijuana for sale, A.R.S. § 36–1003, would be in force and effect as of 1 July 1980. This would mean that for the year 1 July 1980 to 1 July 1981, it would be illegal, under the Uniform Controlled Substances Act, to possess marijuana and to possess marijuana for sale, but it would not be illegal, under the Uniform Controlled Substances Act, to transport and sell marijuana.

It is true that title and section headings in the statutes are not part of the law, A.R.S. § 1–212, but we can nevertheless refer to titles and captions in the legislative bills for indications of legislative intent. Article 4, Part 2, Section 13 of the Arizona Constitution requires the title of each bill to cover the subject of the legislation, and the title of House Bill 2231, Laws 1980, Chapter 112, read, "An Act relating to crimes; providing for a change in the effective date of the Uniform Controlled Substances Act; \* \* \*." We believe the legislature, by the use of the phrase "This *act* becomes effective on July 1, ~~1980~~ 1981," intended to extend the effective date of the entire Uniform Controlled Substances *Act* rather than just A.R.S. § 36–1004. The repeal of A.R.S. § 36–1017 was then delayed until 1 July 1981.

Reversed and remanded for further proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.