636 P.2d 110

**The STATE of Arizona, Appellant,**

v.

**Donald Edward GATES, Appellee.**

No. 2 CA–CR 2265.

Court of Appeals of Arizona, Division 2.

July 9, 1981.

Rehearing Denied Sept. 2, 1981.

Review Denied Sept. 29, 1981.

Stephen D. Neely, Pima County Atty. by Kevin Miniat, Deputy County Atty., Tucson, for appellant.

Walter B. Nash III, P. C. by Thomas G. Goddard, Tucson, for appellee.

OPINION

HOWARD, Judge.

On August 19, 1980, the Pima County Grand Jury indicted appellee for attempting to obtain or procure narcotics by fraud or deceit in violation of A.R.S. § 13–1001 and § 36–1017, as amended. On November 17, 1980, appellee moved the court to dismiss the indictment on the ground that A.R.S. § 36–1017, as amended, was repealed on July 1, 1980. The trial court granted the motion to dismiss. The state contends the trial court's granting of this motion was erroneous. We agree.

The issue as to whether A.R.S. § 36–1017, as amended, was repealed effective July 1, 1980 was decided adversely to appellee's position by our Supreme Court in *State v. Superior Court*, 128 Ariz. 535, 627 P.2d 687 (1981).

Appellee raises one other issue in support of the trial court's action in dismissing the count. He contends that, because of the confusion in the statute, he could not reasonably determine whether the section under which he had been charged had been repealed. The rule is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. *United States v. Harriss,*

347 U.S. 612, 74 S.Ct. 808, 98 L.Ed.2d 989 (1954). No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. *Lanzetta v. State of New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). In *State v. Superior Court*, supra, the court found that appellee's interpretation of the statute led to absurd results. Appellee, therefore, cannot contend he lacked notice of the crime under such circumstances.

Reversed and remanded for further proceedings.

HATHAWAY, C. J., and JACK T. ARNOLD, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself in this matter, Judge JACK T. ARNOLD was called to sit in his stead and participate in the determination of this decision.