911 P.2d 626

**STATE of Arizona, Appellee,**

v.

**Gordon Helepololei KAMAI, Appellant.**

**No. 1 CA–CR 94–0484.**

Court of Appeals of Arizona,
Division 1, Department E.

Nov. 30, 1995.
Review Denied Feb. 21, 1996.*

* Martone, J., of the Supreme Court, voted to grant the petition for review. Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Robert S. Golden, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

KLEINSCHMIDT, Presiding Judge.

Gordon Kamai, the Defendant, appeals from his conviction of theft of an automobile. He argues that the trial court erred by refusing to instruct the jury on the lesser included offense of unlawful use of a means of transportation. He also challenges the sufficiency of the evidence to support the conviction and asserts that he is entitled to additional presentence incarceration credit. We find that the trial court should have given a lesser included offense instruction, and we therefore vacate the Defendant's conviction and sentence and remand for a new trial.

The Defendant worked for a construction company. He asked his employer if he could borrow a company truck to run a brief personal errand. The employer consented, and the Defendant took the truck and drove it to California. The employer reported the truck stolen. Several days later, it was returned to the employer by the Defendant's girlfriend. The Defendant was charged with one count of theft of property worth $1,500 or more, a class 3 felony, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–1802.

At trial, the Defendant requested an instruction on the crime of unlawful use of a means of transportation as a lesser included offense of theft. The judge refused the instruction, finding that unlawful use is not always a constituent part of the greater crime of theft and that the charging document did not describe the crime of unlawful use.

### UNLAWFUL USE IS A LESSER INCLUDED OFFENSE OF AUTO THEFT

The propriety of giving a jury instruction on a lesser included offense depends upon whether the offense is a lesser included offense of the crime charged and whether the evidence supports the giving of the instruction. *See, e.g., State v. Kinkade,* 147 Ariz. 250, 253, 709 P.2d 884, 887 (1985). A lesser included offense is defined in several ways. The most common definition is that a crime is a lesser included offense if the crime is composed solely of some but not all of the elements of the greater crime so that it is impossible to commit the greater offense without committing the lesser. *State v. Scott,* 177 Ariz. 131, 139, 865 P.2d 792, 800 (1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 129, 130 L.Ed.2d 73 (1994); *State v. Angle,* 149 Ariz. 478, 478–79, 720 P.2d 79, 79–80 (1986); *Kinkade,* 147 Ariz. at 253, 709 P.2d at 887. The application of this definition requires a comparative analysis of the elements of the theft statute with the elements of the unlawful use statute. Theft by control, which is what the Defendant was charged with, is defined by A.R.S. section 13–1802 as:

A. A person commits theft, if, without lawful authority, such person knowingly:
1. Controls property of another with the intent to deprive him of such property;
...

"Deprive" is defined in A.R.S. section 13–1801(A)(4) as:

[withholding] the property interest of another either permanently or for so long a time period that a substantial portion of its economic value or usefulness or enjoyment is lost or to withhold it with the intent to restore it only upon payment of reward or other compensation or to transfer or dispose of it so that it is unlikely to be recovered.

Unlawful use of a means of transportation is defined in A.R.S. section 13–1803 as:

A. A person commits unlawful use of means of transportation if, without intent permanently to deprive, the person either:
1. knowingly takes unauthorized control over another's means of transportation....

The elements of theft are that a person: (1) without lawful authority; (2) knowingly controls; (3) property of another; and (4) with the intent to deprive. The elements of unlawful use are that a person: (1) knowingly takes control; (2) without authority; and (3) of another person's means of transportation. The phrase "without intent to permanently deprive" in the unlawful use statute does not describe an element of the crime which the state must prove. "Without intent to permanently deprive" is simply included in the statute to distinguish unlawful use from auto theft. The Supreme Court of Oregon made this very point in *State v. Eyle,* 236 Or. 199, 388 P.2d 110, 111 (1963), when it observed that "[b]y employing the words 'without intent to steal,' the legislature meant to clearly distinguish the crime of 'joy-riding' from the greater crime of larceny and provide a specific penalty therefor. The words were not included so as to constitute an additional element for the state to prove." All that is necessary for the commission of unlawful use is that a person knowingly take unauthorized control of another's means of transportation. *See* Rudolph J. Gerber, *Criminal Law of Arizona* at 257 (1978) (explaining that under the current unlawful use statute liability apparently attaches as soon as the actor sits behind the wheel).

Unlawful use then is comprised solely of the first three elements of auto theft, but does not include the additional element of intent to deprive. To prove auto theft, the state *must* prove all of the elements of unlawful use.

In addition to the Supreme Court of Oregon, courts in states with statutes similar to our own have also concluded that unauthorized use, or "joyriding" as the practice is

often referred to, is a lesser included offense of theft. *See State v. Cornish*, 568 P.2d 360 (Utah 1977) (finding joyriding to be a lesser included offense of auto theft after concluding that the phrase "without intent to steal" in the theft statute is not an element for the state to prove); *Spencer v. State*, 501 S.W.2d 799 (Tenn.1973) (holding that joyriding is a lesser included offense of larceny because, in spite of the phrase "without the intent to deprive" in the joyriding statute, the only difference between the two statutes was that joyriding did not include the intent to steal).

■ Our conclusion is further supported by an analogy similar to one which the Supreme Court of Oregon drew in *Eyle*. First-degree murder is homicide "with premeditation." A.R.S. § 13–1105(A)(1). Second-degree murder is homicide "without premeditation." A.R.S. § 13–1104. It is a lesser included offense of first-degree murder. Proper jury instructions on second-degree murder do not list "without premeditation" as an element of the offense that the state must prove. *See, e.g., State v. Ortiz*, 158 Ariz. 528, 764 P.2d 13 (1988); *State v. Pittman*, 118 Ariz. 71, 74, 574 P.2d 1290, 1293 (1978); *State v. Childs*, 113 Ariz. 318, 321, 553 P.2d 1192, 1195 (1976).

We are aware of an old opinion of our supreme court in *State v. Parsons*, 70 Ariz. 399, 222 P.2d 637 (1950), which held that joyriding is not a lesser included offense of auto theft. After that case was decided, both the theft and joyriding statutes were amended in a manner which appears to have changed the elements which the state must prove when it prosecutes for those crimes.

In 1950, the joyriding statute was defined by Ariz.Code Ann. section 43–5508 as follows:

Any person who shall, without permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle, for the purpose of *temporarily using* or operating the same, shall be guilty....

(emphasis added). *Parsons*, apparently because the joyriding statute referred to a specific intent in positive terms, held that the statute required proof of the affirmative element of intent to temporarily deprive the owner of his vehicle. *Parsons*, 70 Ariz. at

407, 222 P.2d at 643. Thus, joyriding required proof of an element which was not included in the theft statute, and that prevented joyriding from being a lesser included offense of auto theft. *See, e.g., Scott*, 177 Ariz. at 139, 865 P.2d at 800 (holding that a crime is a lesser included offense if the crime is comprised solely of some but not all of the elements of the greater crime). We believe that the change in the joyriding statute, with its elimination of any positive reference to the perpetrator's specific intent to deprive, renders *Parsons* obsolete.

■ We are also aware of our decision in *State v. Winter*, 146 Ariz. 461, 706 P.2d 1228 (App.1985), in which we held that unlawful use was not a lesser included offense of theft. In *Winter*, we reasoned that one of the elements of the crime of "joyriding," as we referred to it, was "unlawful use of [a] means of transportation." *Id.* at 467, 706 P.2d at 1234. Since that language did not appear in the theft statute, we concluded that the test for a lesser included offense had not been met. A fresh look at the statutes, however, discloses that the phrase "unlawful use of [a] means of transportation" is found only in the title to A.R.S. section 13–1803 and not in the text. Titles of statutes are not part of the law itself. *State v. Superior Court*, 128 Ariz. 535, 627 P.2d 686 (1981); A.R.S. § 1–212. All that either unlawful use or theft requires is "control." *See* and *compare* A.R.S. § 13–1803 and A.R.S. § 13–1802(A)(1).

Finally, we are aware of cases from other states which hold that joyriding is not a lesser included offense of theft. These cases were decided in states that retain theft and joyriding statutes similar to Arizona statutes in effect when *Parsons* was decided. *See Sandoval v. People*, 176 Colo. 414, 490 P.2d 1298, 1299 (1971) (joyriding statute includes "for the purpose of temporarily depriving the owner" and theft requires "knowingly intends to permanently deprive that person"); *State v. Wall*, 271 N.C. 675, 157 S.E.2d 363, 365 (1967) (joyriding, "sometimes referred to as 'temporary larceny,'" is committed when "any person who drives or otherwise takes ... a vehicle, not his own, without the consent of the owner thereof, and with the intent to temporarily deprive said owner of his pos-

session of such vehicle, without intent to steal the same"); *Henry v. State,* 273 Md. 131, 328 A.2d 293, 297 (1974) ("An element of larceny of an automobile is the intent to deprive the owner of his property permanently while as to unauthorized use the intent is to deprive the owner of his custody or use of his property temporarily without intent to steal it."); *but see In re Lakeysha,* 106 Md.App. 401, 665 A.2d 264 (1995) (refusing to apply *Henry* and holding that joyriding is a lesser included offense of theft).

### THE EVIDENCE WOULD SUPPORT A CONVICTION FOR UNLAWFUL USE

■ Before a lesser included offense instruction is required, the evidence must support such a charge. *Kinkade,* 147 Ariz. at 253, 709 P.2d at 887. The State presented evidence that, while the Defendant took the truck for longer than his employer authorized, the Defendant's girlfriend returned the truck within a few days. From this, a properly-instructed jury could conclude that the Defendant did not intend to keep the truck permanently or for so long a time as to substantially decrease its value to the owner. The trial judge conceded this to defense counsel, stating that "one interpretation of the evidence is ... [that the crime] could fall squarely under the definition of unlawful use of means of transportation" but apparently believed himself bound by *Parsons.*

### THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE DEFENDANT'S CLASS 3 FELONY CONVICTION

■ Since the question of the sufficiency of the evidence may recur, we will address it. Preliminarily, we note that, in his opening brief, the Defendant does not dispute the fact that the truck in question had a market value of at least $4,000 at the time of the theft. Instead, the Defendant contends that this evidence was insufficient to support a conviction of theft of property valued at $1,500 or more because the truck was later recovered by the victim. Thus, the Defendant argues that, since the victim "was only deprived of the 'services' of his truck" in an amount equal to its loss of use for several days ($430), the Defendant could only be convicted of theft of services, a class 6 felony pursuant to A.R.S. section 13–1802(C).

The Defendant was indicted for the theft of property, to wit: a 1988 Ford Pickup, worth $1,500 or more. He was not charged with the theft of "services." The fact that the victims recovered the truck entitled the Defendant to nothing more than credit towards the restitution he would have owed had the truck never been returned.

### PRESENTENCE INCARCERATION CREDIT

■ Although we vacate the Defendant's conviction and sentence, we will also address the issue of presentence incarceration credit because the Defendant may be convicted again on remand. The Defendant was in custody from July 26, 1993, until August 31, 1993, when he was released on his own recognizance (37 days). He remained on this release status until the jury's guilty verdict on March 17, 1994, at which time the court ordered him held without bond. The Defendant was held until his sentencing date of May 23, 1994 (67 days). Thus, the Defendant was entitled to 104 days of presentence incarceration credit, but received only 72 days. He was, therefore, entitled to an additional 32 days of presentence incarceration credit. A.R.S. § 13–709(B).

Because we find that the trial court erred by failing to instruct the jury on the lesser included offense of unlawful use, we vacate the Defendant's conviction and sentence and remand this case to the trial court for a new trial.

GARBARINO, J., concurs.

NOYES, Judge, dissenting.

In holding that joyriding is a lesser included offense of theft, the majority rejects *State v. Parsons,* 70 Ariz. 399, 407, 222 P.2d 637, 642–43 (1950), which held otherwise. The statutes have been amended since 1950, but the holding of *Parsons* remains valid.

In the current statutes, the meaning of "deprive" is critical to both theft and joyriding. As defined in A.R.S. section 13–1801(A)(4), "deprive" includes *either* perma-

nent deprivation *or* various lesser deprivations. The theft statute requires "with the intent to deprive" and the joyriding statute requires "without intent permanently to deprive." Here is the problem: The evidence in a given case could support both forms of intent. The lesser crime is therefore not included in the greater, it overlaps with the greater. That a person can arguably be guilty of both joyriding and theft is shown by the facts of this case.

Appellant received permission to borrow the truck for twenty minutes to go cash his paycheck, then disappeared with the truck. About three days later, Appellant's girlfriend called from California and told the victim she would return the truck if certain arrangements were made. After negotiations, the girlfriend agreed to drop the truck in Yuma and the victim agreed to pay her bus fare back to San Diego. Neither Appellant nor the girlfriend testified, and there is no direct evidence of Appellant's state of mind as he headed for California with the truck. Although arguably fitting the definition of joyriding, these facts seem a better fit with what the legislature had in mind when *not* requiring "with intent permanently to deprive" for a theft conviction.

The legislature could readily make joyriding a lesser included offense of theft by adding "permanently" to the theft statute (and modifying the definition of "deprive"), or by removing it from the joyriding statute—which is what the majority has done. Without "permanently" in the joyriding statute, the majority is right: If the State proves "with the intent to deprive" (and all other elements), it proves theft; if it does not, it proves joyriding.

When following the majority, trial courts should therefore remove "permanently" from the joyriding jury instruction. Otherwise, jury confusion and verdict ambiguity are assured in a case such as this, where the evidence supports defendant's claim that he acted "without intent permanently to deprive" for joyriding, and the evidence also supports the State's claim that defendant acted "with the intent to deprive" for theft.

*CONCLUSION*

Although the majority reaches a sensible result, I think we get there only by overruling a supreme court opinion and amending a statute. I therefore respectfully dissent.