994 P.2d 1028

**STATE of Arizona, Appellee,**

v.

**Dewayne Edward GRIEST, Appellant.**

**No. 1 CA–CR 98–1029.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 27, 2000.

Janet Napolitano, The Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Toni Marie Valadez, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, Phoenix, Attorney for Appellant.

OPINION

KLEINSCHMIDT, Judge.

¶ 1 The only issue in this case is whether unlawful use of a means of transportation is a lesser included offense of theft by conversion. We hold that it is.

¶ 2 The case arose as follows. The victim, Virgil Trammel, testified that the Defendant, whom he had known for about nine months, had been staying at his house for about a week. The Defendant talked about needing transportation to see his children, who were either leaving for Pennsylvania or already there. On one occasion the Defendant said to Trammel that he "guessed he was going to have to steal one of his [Trammel's] vehi-

cles." A day later, about 11:30 at night, the Defendant told Trammel that he wanted to use Trammel's van to jump start the neighbor's car. Trammel gave him the keys to his van and told the Defendant to return them immediately and not let anyone drive the van. Shortly thereafter, Trammel heard the van pull out of his driveway and head off at a high rate of speed in a direction other than the neighbor's. Trammell called the police and reported his van stolen. Several hours later, the police found the van in Prescott and arrested the Defendant at a nearby residence.

■ ¶ 3 The Defendant was charged with one count of theft by conversion, a violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–1802(A)(2). At the State's request, and without objection from the Defendant, the judge instructed the jury that the "crime of theft [in this case] includes the less serious crime of unlawful use of [a] means of transportation." The jury found the Defendant guilty of unlawful use of a means of transportation ("joyriding") and he was sentenced to 3.75 years in prison. The Defendant, although he did not object at the time, argues that it was error to give the lesser included instruction. We will consider the issue because under many circumstances, including those present here, it could be fundamental error to give an instruction that is unsupported by the law or the evidence.

■ ¶ 4 A crime is a lesser included offense if the crime is composed solely of some, but not all, of the elements of the greater crime so that it is impossible to commit the greater offense without committing the lesser. *See State v. Kamai,* 184 Ariz. 620, 622, 911 P.2d 626, 628 (1995). The theft by conversion statute reads:

[a] person commits theft if, without lawful authority, the person knowingly: [c]onverts for an unauthorized term or use ... property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use.

A.R.S. § 13–1802(A)(2). The joyriding statute reads:

[a] person commits unlawful use of [a] means of transportation if,without intent

permanently to deprive, the person ... [k]nowingly takes unauthorized control over another person's means of transportation.

A.R.S. § 13–1803(A)(1). The Defendant argues that

[j]oyriding requires proof that Appellant took control over the victim's van *without* authorization. As charged in this case, however, the crime of theft does not require such proof. In fact, the crime of theft as charged here requires that the State prove just the opposite, i.e., that Appellant took control of the van with the victim's permission but for only a limited use or term. In addition, theft as charged here requires proof that Appellant later converted the victim's property to his use for an unauthorized term or for an unauthorized use. Joyriding does not require proof of that element. Because each of these crimes requires proof of an element that the other does not, joyriding cannot be a lesser-included offense of theft under subsection 13–1802(A)(2).

■ ¶ 5 We do not accept the Defendant's argument. The Defendant exceeded his authority by using the van for an unauthorized purpose. The fact that the victim had originally allowed the Defendant to use the van for an authorized purpose, i.e., to jump start a neighbor's car, is important to the charge of theft by conversion but not to joyriding. Theft by conversion requires the Defendant to use the property *without lawful authority.* Similarly, the joyriding statute precludes a person from *knowingly tak[ing] unauthorized control over another person's means of transportation.* "Taking unauthorized control" in the joyriding statute is broad enough to encompass a situation where the defendant first gained temporary control by permission of the owner and then "took unauthorized control" by exceeding that authority. Thus, once the Defendant put the van to a use the owner did not intend, and for a period of time that exceeded the owner's permission, he was doing so *without lawful authority* and was *knowingly taking unauthorized control over* it. Thus, it is impossible to commit theft of a vehicle by conversion without also committing joyriding. *See Peo-*

*ple v. Hutchings,* 242 Cal.App.2d 294, 295, 51 Cal.Rptr. 415, 416 (Cal.App.1966) (defendant driving car "without consent of the owner" even though permission initially granted).

¶ 6 The decision of the trial court is affirmed.

CONCURRING: NOEL FIDEL, Presiding Judge, and REBECCA WHITE BERCH, Judge.