462

286 P.3d 806

STATE Of Arizona, Appellee,

v.

Jeremy Joseph BREED, Appellant.

No. 1 CA–CR 11–0651.

Court of Appeals of Arizona,
Division 1, Department D.

Oct. 16, 2012.

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel Criminal Appeals/Capital Litigation Section And Melissa M. Swearingen, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James Haas, Maricopa County Public Defender By Thomas Baird, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BROWN, Judge.

¶1 Jeremy Joseph Breed appeals his conviction and resulting sentence for unlawful use of means of transportation ("unlawful use") under Arizona Revised Statutes ("A.R.S.") section 13–1803(A)(1) (2010). He challenges the trial court's determination that unlawful use is a lesser-included offense of theft of means of transportation under A.R.S. § 13–1814(A)(5) (2010). For the following reasons, we affirm.

## BACKGROUND

¶2 Breed borrowed a vehicle from L.G. on the condition that the vehicle would be returned within an hour and a half. Breed did not return it as promised. After several days, L.G. reported to police that the vehicle had been stolen. About a month later, police located Breed and the State charged him with theft of means of transportation.

¶3 A jury found Breed guilty of the lesser-included offense of unlawful use. The court sentenced Breed to the presumptive five-year term of imprisonment and this timely appeal followed.

## DISCUSSION

¶4 Whether an offense is lesser-included is a question of law we review de novo. *State v. Cheramie*, 218 Ariz. 447, 448, ¶8, 189 P.3d 374, 375 (2008). We review the statutes at issue to determine if the lesser crime is "composed solely of some but not all

of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya,* 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983); *see also State v. Dugan,* 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980) (explaining that a lesser-included instruction is proper only when the greater crime requires the jury to find a disputed factual element which is not required for conviction of the lesser crime) (citation omitted).

¶ 5 The crime of theft of means of transportation has been defined by our legislature in five different ways, as set forth in A.R.S. § 13–1814(A)(1)–(5). In this case, Breed was charged with violating subsection (A)(5), which consists of these elements: (1) a person knowingly controls; (2) without lawful authority; (3) another person's means of transportation; (4) knowing or having reason to know that the property is stolen. A.R.S. § 13–1814(A)(5). At trial, over Breed's objection, the court granted the State's request for a lesser-included offense jury instruction on unlawful use, a class five felony, which prohibits a person from, without the intent to permanently deprive, (1) knowingly taking (2) unauthorized control (3) over another person's means of transportation.[1] A.R.S. § 13–1803(A)(1).

■ ¶ 6 Breed argues these two offenses are "insufficiently distinct such that the commission of either offense necessarily results in the commission of the other one."[2] The State counters that unlawful use is comprised of the first three elements of theft of means of transportation but does not include the fourth element—"knowing or having reason to know that the property is stolen." We agree with the State's argument.

¶ 7 The first three elements of each crime, while not identical in the language used, criminalize the same conduct. We have previously found there is no legal difference in the phrases "knowingly control" and "knowingly takes." *See State v. Kamai,* 184 Ariz. 620, 623, 911 P.2d 626, 629 (App.1996) ("[A]ll that either unlawful use or theft requires is 'control.' "). Nor is there any meaningful distinction between "without lawful authority" and "unauthorized control." *See id.* at 622, 911 P.2d at 628 (concluding that "unauthorized control" in the unlawful use statute is the same as "without authority."). The third common element of both statutes uses identical language—"another person's means of transportation." *Compare* A.R.S. § 13–1803(A)(1) *with* A.R.S. § 13–1814(A)(5).

¶ 8 The critical difference between the two statutes is that theft of means of transportation requires the State to prove a person knew or should have known the vehicle was stolen, while unlawful use only requires proof of knowledge that using the vehicle was not authorized. If a person knows or has reason to know a vehicle is stolen, then he would necessarily know the use was unauthorized. Therefore, we conclude that unlawful use under § 13–1803(A)(1) is a lesser-included offense of theft of means of transportation under § 13–1814(A)(5) because it is impossible to have committed theft of means of transportation without also committing unlawful use. *See State v. Larson,* 222 Ariz. 341, 343, ¶ 8, 214 P.3d 429, 431 (App.2009) (recognizing that the "greater offense must have all the elements of the lesser offense plus at least one additional element"); *State v. Griest,* 196 Ariz. 213, 214, ¶ 4, 994 P.2d 1028, 1029 (App.2000) (finding it impossible to commit theft under § 13–1802(A)(2) without also committing unlawful use (joyriding) under § 13–1803(A)(1)); *Kamai,* 184 Ariz. at 622–24, 911 P.2d at 628–30 (concluding that unlawful use under § 13–1803 is a lesser-included offense of theft under § 13–1802).

---

1. We have previously held that the phrase "without intent to permanently deprive" in the unlawful use statute does not constitute an element of the crime the State must prove. *State v. Kamai,* 184 Ariz. 620, 622, 911 P.2d 626, 628 (App. 1996). We concluded that the phrase was included in the statute simply to "distinguish unlawful use from auto theft." *Id.* Breed does not contend otherwise.

2. Breed's sole argument on appeal is that unlawful use is not a lesser-included offense of theft of means of transportation. He does not contend that the record lacks support for the lesser-included instruction. *See State v. Wall,* 212 Ariz. 1, 4, ¶ 17, 126 P.3d 148, 151 (2006) (requiring sufficient evidence to support a lesser-included instruction). Regardless, sufficient evidence exists in the record to sustain the trial court's decision to instruct the jury on unlawful use.

## CONCLUSION

¶ 9 For the foregoing reasons, we affirm Breed's conviction and sentence.

CONCURRING: ANDREW W. GOULD, and DONN KESSLER, Judges.