NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN HOYT FULLEN, *Appellant*.

No. 1 CA-CR 23-0203

FILED 03-27-2025

Appeal from the Superior Court in Yavapai County
No. P1300CR202000806
The Honorable Krista M. Carman, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

------

**MEMORANDUM DECISION**

------

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

------

**M O R S E,** Judge:

¶1        John Hoyt Fullen appeals his convictions and sentences for one count of fraudulent schemes and artifices and two counts of forgery. Fullen's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable questions of law and asks this Court to search the record for fundamental error. Fullen filed a supplemental brief *in propria persona*, which we have considered. Finding no reversible error, we affirm Fullen's convictions and sentences but modify the sentencing order to award additional presentence-incarceration credit.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Fullen formed American Veteran Movers sometime in 2017. Fullen advertised that his company was entirely veteran-owned and operated.

¶3        In June 2020, a detective began to investigate Fullen after learning about him in a separate case. At Fullen's residence, the detective saw two vehicles with Purple Heart license plates registered to Fullen. The detective determined, however, that Fullen had never served in the U.S. military. Fullen obtained the Purple Heart license plates by submitting a false Purple Heart certificate to the Arizona Motor Vehicles Division ("MVD"). Fullen's driver's license included "Veteran" because he provided an American Legion certificate to the MVD even though he never served in the military.

¶4        The State charged Fullen with: one count of fraudulent schemes and artifices (Count 1), a class 2 felony; and five counts of forgery (Counts 2–6), class 4 felonies. *See* A.R.S. §§ 13-2002(A), -2310(A). At trial, the superior court granted Fullen's motion for judgment of acquittal on Counts 3, 4, and 6. Fullen was not present for part of the final jury-instruction conference, but his counsel waived his presence. The jury entered guilty verdicts on Counts 1, 2, and 5. For all three felony

convictions, the jury found as an aggravating circumstance that Fullen committed the offenses for pecuniary gain. *See* A.R.S. § 13-701(D)(6).

¶5            The superior court held a separate hearing to prove priors and determined Fullen was a category-three repetitive offender. On Count 1, fraudulent schemes and artifices, the superior court sentenced Fullen to a mitigated prison term of 10.5 years.  On Counts 2 and 5, forgery, the superior court sentenced Fullen to a mitigated prison term of six years each. The superior court ran the sentences concurrently.  The superior court also awarded Fullen 876 days of presentence incarceration credit.

¶6            Fullen timely appealed and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶7            Fullen raises several issues in his supplemental brief, none of which he raised at trial.  Thus, we review only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  We view the facts in the light most favorable to sustaining Fullen's convictions and resolve all reasonable inferences against him. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

## I.    Alleged Prosecutorial Misconduct.

¶8            Fullen asserts the prosecutor engaged in several instances of misconduct.

### A.    Alleged Conduct Unsupported by the Record.

¶9            First, Fullen contends the prosecutor misrepresented evidence, misstated the law, vouched for the State's case, shifted the burden of proof, and appealed for the jurors to act as the conscience of the community.  In all such instances, the prosecutor either did not engage in misconduct, or Fullen's allegations are not supported by the record. Furthermore, the superior court instructed jurors not to treat the prosecutor's comments as evidence and that they must follow the law provided by the court. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006) (asserting the presumption that jurors follow court instructions "that anything said in closing arguments was not evidence").

### B.     Fullen Fails to Demonstrate Prejudice.

**¶10**          Second, Fullen argues the prosecutor improperly referred to stricken testimony about his Marine tattoo being an "abomination" during closing argument.  Even if this comment was improper, the prosecutor's statement did not rise to the level of reversible error—the prosecutor mentioned the stricken testimony only once and the court instructed jurors not to consider stricken testimony for any purpose. *See id.*  On this record, Fullen has failed to demonstrate that he was prejudiced by the isolated remark.  *See State v. Riley*, 248 Ariz. 154, 179–80, ¶ 88 (2020) (stating that a defendant cannot rely on speculation but must point to record evidence to prove prejudice under fundamental-error review).

**¶11**          Fullen further asserts the prosecutor did not provide his counsel with a copy of an order of protection against Fullen that the court had ordered be disclosed.  The record is silent as to whether the prosecutor complied with the order and Fullen fails to show that any alleged nondisclosure prejudiced him.  Accordingly, Fullen does not establish reversible error.  *See Escalante*, 245 Ariz. at 140, ¶ 21 (stating the defendant bears the burden of proof and must establish "both fundamental error and prejudice").

## II.     Other Arguments.

### A.     Motion for Judgment of Acquittal.

**¶12**          Fullen contends the superior court erred by denying his motion for judgment of acquittal on Counts 1, 2, and 5. "A trial court should grant a motion for a judgment of acquittal only if there is no substantial evidence . . . to warrant a conviction." *State v. Gray*, 231 Ariz. 374, 377, ¶ 10 (App. 2013).  Substantial evidence is "more than a mere scintilla." *State v. Mathers*, 165 Ariz. 64, 67 (1990).  "In determining whether substantial evidence exists, we view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdicts." *Gray*, 231 Ariz. at 376, ¶ 3.

**¶13**          Witnesses testified at trial that customers hired Fullen's company because they believed it was veteran-owned.  The State also introduced evidence that Fullen presented an American Legion Certificate to the MVD, and that his Purple Heart Certificate was false.  The evidence was substantial, and the superior court did not err by denying Fullen's motion for judgment of acquittal. *Id.* at 377, ¶ 10; Ariz. R. Crim. P. 20(a).

### B.     Untimely Disclosure.

**¶14**          Fullen argues the superior court erred by allowing the State to call his aunt as a witness despite an untimely disclosure.  The record shows the State disclosed his aunt as a witness more than seven days before trial.  Thus, the superior court did not fundamentally err.  *See* Ariz. R. Crim. P. 15.6(c) (requiring all disclosures "to be completed at least 7 days before trial").

### C.     Mistrial.

**¶15**          Fullen alleges that the superior court erred by not declaring a mistrial *sua sponte* based on his aunt's testimony.  The superior court was not required to do so because defense counsel elicited some of the testimony that Fullen now challenges, and the superior court struck other objectionable portions.  Further, if a defendant believes a mistrial is warranted, the defendant generally must ask for one.  *See State v. Laird,* 186 Ariz. 203, 207 (1996) ("If a party wants a mistrial, it ordinarily must ask for one.").  Accordingly, the superior court did not commit fundamental error.

### D.     Jury Instructions on Lesser-Included Offenses.

**¶16**          Fullen contends the superior court erred by not instructing the jury on false advertising as a lesser-included offense.  But false advertising is not a lesser-included offense because it has elements which are not included in fraudulent schemes and artifices.  *See State v. Griest*, 196 Ariz. 213, 214, ¶ 4 (App. 2000) ("A crime is a lesser included offense if the crime is composed solely of some, but not all, of the elements of the greater crime . . . ."); *compare* A.R.S. § 13-2310(A) (defining fraudulent schemes and artifices) *with* A.R.S. § 13-2203(A) (defining false advertising).  He also suggests registration violations under A.R.S. § 28-2531, and military license plate offenses under § 28-2471 are lesser-included offenses of A.R.S. § 13-2002(A) (forgery).  Fullen is mistaken—both have elements that are not included in the offense of forgery.  *See Griest*, 196 Ariz. at 214, ¶ 4.

### E.     Jury Instruction Defining "Defraud."

**¶17**          Although neither party requested it, Fullen argues the superior court should have provided a jury instruction defining "defraud." He fails to show fundamental error because the court's instructions correctly stated the law.  *See State v. Brown*, 131 Ariz. Cases Dig. 7, 12, ¶ 22 (App. Sept. 10, 2024) ("[J]ury instructions given must correctly state the law."); *see also* Rev. Ariz. Jury Instr. Stand. Crim. 23.10 (fraudulent schemes and artifices) (6th ed. 2022).  Furthermore, the superior court provided an

instruction nearly identical to what Fullen now requests. *See State v. Forde*, 233 Ariz. 543, 566, ¶ 91 (2014) ("When a jury is properly instructed on the applicable law, the trial court is not required to provide additional instructions that do nothing more than reiterate or enlarge the instructions in defendant's language.").

#### F. Motion to Vacate Judgment and Sentence.

**¶18** Fullen also contends the superior court erred by: (1) denying his motion to vacate judgment and sentence; (2) denying him counsel during a critical phase of the proceedings which impaired his post-trial motion to vacate judgment and sentence; and (3) not recognizing he did not receive the State's response to that motion, which deprived him of the opportunity to provide information supporting his claim of newly discovered evidence.

**¶19** This Court lacks jurisdiction to review the superior court's denial of Fullen's motion to vacate judgment and sentence because Fullen did not file a notice of appeal of the court's denial within 20 days after entry. *See* Ariz. R. Crim. P. 31.2(a)(2)(B). The superior court did not completely deny Fullen counsel by allowing his attorney to withdraw after sentencing because Fullen has not established that his subsequent motion to vacate judgment and sentence was a "critical stage." *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (stating that "a trial is unfair if the accused is denied counsel at a critical stage of his trial"); *cf. Rose v. Hedgpeth*, 735 Fed Appx. 266, 269 (9th Cir. 2018) ("The U.S. Supreme Court has never held that a post-trial, pre-appeal motion for a new trial is a 'critical stage' to which the Sixth Amendment right to counsel applies."). In addition, the record reflects that Fullen had the benefit of representation while the motion was prepared. He fails to show how the re-appointment of withdrawn counsel as advisory counsel prejudiced him. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005) ("To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice."). Nor was the superior court responsible for serving Fullen with the response to his motion to vacate judgment and sentence. *See* Ariz. R. Crim. P. 1.9(b).

#### G. Motion for New Trial and/or Judgment of Acquittal.

**¶20** Fullen argues the superior court erred by denying his motion for new trial and/or judgment of acquittal. Fullen has shown no error

because his motion was untimely and filed well past the deadline. *See State v. Vasquez*, 98 Ariz. 157, 159 (1965) (holding when a motion for new trial is untimely, "the effect is the same as if no motion [were] filed at all").

### III. Presentence Incarceration Credit.

**¶21** Finally, Fullen contends the superior court did not award sufficient presentence incarceration credit. A defendant is entitled to presentence incarceration credit for all time spent in custody pursuant to an offense. A.R.S. § 13-712(B). Awarding an incorrect amount of credit is fundamental error. *State v. Ritch*, 160 Ariz. 495, 498 (App. 1989).

**¶22** The superior court awarded Fullen 876 days of presentence incarceration credit, apparently based on the date originally scheduled for sentencing, April 10, 2023. But sentencing was continued to May 15, 2023, and Fullen's presentence incarceration credit was not adjusted correspondingly. Thus, he should receive 911 days of presentence incarceration credit. Although Fullen argues for 974 days of presentence incarceration credit, he offers no evidence to support his position.

### IV. No Fundamental Error.

**¶23** In addition to evaluating the arguments raised in Fullen's brief, we have conducted an independent review of the record. Our review revealed no fundamental error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the record reveals that Fullen was present and represented by counsel at all critical stages of the proceedings. *See* Ariz. R. Crim. P. 6.1, 19.2. The State presented sufficient evidence from which the jury could determine Fullen's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was properly composed and instructed, and there is no evidence of reversible misconduct. Although a judge, rather than a jury, determined whether Fullen's prior offenses were "committed on the same occasion" for purposes of sentencing him as a repetitive offender, no reasonable jury could have plausibly and intelligently come to a different conclusion than the sentencing judge. *See State v. Porter*, 136 Ariz. Cases Dig. 4, 7, ¶ 11 (App. Nov. 21, 2024). Thus, other than as discussed above, Fullen's sentences fall within the range prescribed by law.

### CONCLUSION

**¶24** For the foregoing reasons, we affirm Fullen's convictions and sentences except that we increase the presentence incarceration credit to 911 days. Upon the filing of this decision, defense counsel shall inform Fullen

of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Fullen shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR