**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Martin PEREZ–CORONA, aka Martin Perez, Defendant–Appellee.**

No. 01–10461.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 13, 2002.

Submitted June 7, 2002.

Filed July 8, 2002.

---

Christina Cabanillas, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellant.

Brian I. Rademacher, Federal Public Defender, Tucson, AZ, Javier Chon–Lopez, Assistant Federal Public Defender, Tucson, AZ, for the defendant-appellee.

Before DAVID R. THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

## OPINION

THOMPSON, Circuit Judge.

Martin Perez–Corona pleaded guilty to a violation of 8 U.S.C. § 1326(a), illegal reentry into the United States after deportation. He had a prior Arizona State conviction for the unlawful use of means of transportation. The plea agreement he entered classified that offense as an aggravated felony.[1] With that classification, and applying the enhancement provisions of 8 U.S.C. § 1326(b)(2), the plea agreement provided for a sentencing range of 46–57 months. Contrary to the terms of the plea agreement, however, the district court refused to treat Perez–Corona's prior conviction as an aggravated felony, and sentenced him to 19 months in prison.

The government appeals. It argues that the district court was bound by the terms of the plea agreement, and although the court could have rejected the agreement, the court could not amend it by imposing a sentence that treated Perez–Corona's prior conviction as a "mere" felony. We conclude that the government waived this argument. We further conclude that the district court did not err by determining that Perez–Corona's prior conviction for

---

1. The plea agreement also stated that Perez–Corona was previously convicted of third degree burglary, but did not classify this crime as an aggravated felony. Although the government argued in its briefs that this prior burglary conviction was also an aggravated felony, it abandoned that contention at oral argument.

unlawful use of means of transportation under Arizona Revised Statutes (A.R.S.) § 13–1803 was not a "theft offense," and therefore not an aggravated felony, within the meaning of 8 U.S.C. § 1101(a)(43)(G). Thus, Perez–Corona's sentence was not subject to an enhancement for a prior conviction of an aggravated felony. The district court's sentence of 19 months, however, was below the applicable guideline range, and the district court gave no reason for this downward departure. Accordingly, we remand for resentencing.

## I

During Perez–Corona's change-of-plea hearing, when he entered his guilty plea, he challenged the accuracy of the plea agreement's inclusion of one prior conviction in his criminal history. The magistrate judge recommended acceptance of Perez–Corona's guilty plea and advised him that he had the right to clarify or correct the inclusion of the prior conviction at the time of sentencing. Government counsel did not object to the court's statement. At the time of sentencing, the prior conviction Perez–Corona had challenged at his change-of-plea hearing was no longer part of his criminal history, and the only challenge he made to that criminal history was to the classification of his prior conviction for unlawful means of transportation as an aggravated felony.

A presentence report was then prepared and filed. That report reflected a Criminal History Category of V. The report also calculated a total offense level of 21, which included a 16 level upward adjustment for Perez–Corona's prior conviction for "unlawful use of means of transportation, an aggravated felony" and a 3 level downward

adjustment for acceptance of responsibility. Based upon this Criminal History Category and total offense level, the sentencing guideline range was 70 to 87 months according to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5A (2000), the Sentencing Guidelines in place at the time Perez–Corona's sentence was imposed. The plea agreement, however, stated that if Perez–Corona's Criminal History Category were V, the sentencing range would be 46–57 months. The presentence report recommended a sentence at the top of that range.[2]

Perez–Corona filed an objection to the presentence report, arguing that the unlawful use of means of transportation under Arizona law did not qualify as an aggravated felony. He argued that enhancement of his sentence should be pursuant to 8 U.S.C. § 1326(b)(1), because his Arizona conviction was a "mere" felony as opposed to an aggravated felony. The government filed a response arguing that Perez–Corona's prior conviction was an aggravated felony. The government never disputed the district court's authority to decide this issue. Following these submissions, Perez–Corona's sentencing hearing was held on July 3, 2001. At that hearing, the district court noted that the plea agreement classified Perez–Corona's prior conviction as an aggravated felony, and that the recommended sentence was based on that classification. The court expressed doubt, however, as to whether Perez–Corona's prior conviction should be classified as an aggravated felony, and heard argument on that question.

Again, the government did not object to the court's authority to determine this issue and sentence Perez–Corona according-

---

**2.** Beyond a statement that the recommended sentence "appear[s] sufficient to promote respect for the law and provide a deterrent for further criminal conduct," the probation offi-

cer cited no additional circumstances warranting further downward departure from the guideline range.

ly. Although the government argued that if Perez–Corona believed his prior conviction was not an aggravated felony he should withdraw from the plea agreement prior to sentencing, it also argued that the prior conviction was an aggravated felony and urged the court to sentence Perez–Corona within the terms of the plea agreement. Perez–Corona's counsel argued to the contrary, and suggested that the court impose a 19–month sentence.[3] The court gave both parties the opportunity to withdraw from the plea agreement, but both declined. Ultimately, the district court treated Perez–Corona's prior conviction for the unlawful use of means of transportation as a "mere" felony, and sentenced him to a term of 19 months. Judgment was entered on July 6, 2001. This appeal followed.

## II

We review de novo the question whether the district court was bound by the sentencing range provided for in the plea agreement. *United States v. Mukai*, 26 F.3d 953, 954 (9th Cir.1994).

The government now argues that the district court was bound by the plea agreement and could not determine for itself whether Perez–Corona's prior conviction was an aggravated felony and sentence him accordingly. The government did not, however, make that argument before the district court. There, the government argued that Perez–Corona should withdraw from the plea agreement if he

did not believe the prior conviction was an aggravated felony, but did not suggest to the court that it was without authority to decide that issue itself. To the contrary, the government actively litigated that issue by its written submission in advance of the sentencing hearing and by its argument at that hearing. As a result, we conclude that even though the plea agreement would ordinarily control, *id.* at 954, the government waived the challenge it now raises in this court to the authority of the district court to decide for itself whether Perez–Corona's prior conviction was an aggravated felony. *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir. 1991) (issues not raised before the district court are waived on appeal). We now consider whether the district court correctly decided that issue.

## III

We review *de novo* the district court's conclusion that Perez–Corona's prior conviction for the unlawful use of means of transportation under Arizona law is an aggravated felony within the meaning of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Trinidad–Aquino*, 259 F.3d 1140, 1142 (9th Cir. 2001); *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001). The record contains no judicially noticeable facts regarding the circumstances of Perez–Corona's prior felony conviction for unlawful use of means of transportation under A.R.S. § 13–1803.[4] Thus, the question before us is whether the full range of

3. Both counsel and the court stated during the sentencing hearing that if the Arizona conviction were not an aggravated felony, the sentencing guideline range would be 21–27 months. Perez–Corona's counsel suggested 19 months as the appropriate sentence, however, stating this was the sentence ordinarily imposed under the usual plea agreement for illegal re-entry following deportation enhanced by 8 U.S.C. § 1326(b)(1).

4. The presentence report in the present case indicated, based upon Arizona Police Department reports, that Perez–Corona was found in possession of a stolen vehicle, and that he had borrowed the car from a friend, with knowledge that it was stolen. Although judicial notice may be taken of facts contained in such records under proper circumstances, there is not a sufficient indicia of reliability to justify taking judicial notice of these facts. *Compare*

conduct encompassed by A.R.S. § 13–1803 would constitute a "theft offense" and, if punishable by more than a year in prison, an aggravated felony for sentencing purposes under federal law. *Trinidad–Aquino*, 259 F.3d at 1143.

■ The various offenses which constitute an "aggravated felony," as that term is used in § 2L1.2(b)(1)(A) of the sentencing guidelines, are described by 8 U.S.C. § 1101(a)(43). *Rivera–Sanchez*, 247 F.3d at 907. Under 8 U.S.C. § 1101(a)(43)(G), "a theft offense ... for which the term of imprisonment [is] at least one year" is an aggravated felony. Congress did not define the term "theft offense." However, we recently adopted the Seventh Circuit's definition of that term, holding that a theft offense is:

> a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

*United States v. Corona–Sanchez*, 291 F.3d 1201, 1204 (9th Cir.2002) (en banc) (quoting *Hernandez–Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir.2001)); *see also United States v. Vasquez–Flores*, 265 F.3d 1122, 1125 (10th Cir.2001) (also adopting the Seventh Circuit's definition of theft offense).

■■ Under Arizona statutory law, "[a] person commits [the offense of] unlawful use of means of transportation if, without intent permanently to deprive, such person knowingly takes unauthorized con-

trol over another's means of transportation." A.R.S. § 13–1803 (1994). Arizona case law has interpreted this statute as providing that a person commits the offense of unlawful use of means of transportation if he "(1) knowingly takes control; (2) without authority; (3) of another person's means of transportation." *State v. Kamai*, 184 Ariz. 620, 911 P.2d 626, 628 (Ariz.Ct.App.1995). Notably absent from the case law definition construing A.R.S. § 13–1803 (1994) is the element of intent to deprive the owner of his property. The state need only prove that the person knowingly took unauthorized control of another person's means of transportation. *Kamai*, 911 P.2d at 628.

According to the definition of theft offense set forth in *Corona–Sanchez*, in order to be classified as a "theft offense" under 8 U.S.C. § 1101(a)(43)(G), the underlying criminal statute must require some showing of intent to deprive the owner of the use or possession of property. As interpreted by Arizona case law, the unlawful use of means of transportation under A.R.S. § 13–1803 does not require such a showing, and as a result, the full range of conduct prohibited by that statute does not constitute a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G). Thus, we conclude that the district court properly refused to enhance Perez–Corona's sentence pursuant to 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A).

IV

■■ The final question is whether the sentence imposed by the district court was

---

*United States v. Durham*, 995 F.2d 936, 938–39 (9th Cir.1993) (judicial notice could be taken of facts contained in presentence report based on police records where there was testimony offered to support the reliability of the information contained in the presentence report). The record does not contain any other court document, such as an information or indictment, a signed plea agreement, jury in-

structions, the transcript of a plea hearing, or the judgment of conviction, from which we can take judicial notice of the underlying facts. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999); *United States v. Bonat*, 106 F.3d 1472, 1476 (9th Cir.1997).

authorized by law. The government contends that if Perez–Corona's prior conviction is classified as a "mere felony," the guideline range is 21–27 months, and the district court erred in sentencing him below that range. On the record before us, we agree. The district court gave no reason for departing downward from the guideline range when it imposed a sentence of 19 months. "A sentencing judge departing from the applicable guideline range must state specifically his or her reasons for doing so." *See* 18 U.S.C. § 3553(c)(2); *United States v. Sanchez,* 933 F.2d 742, 745 (9th Cir.1991). Because the district court failed to give any reason for its downward departure to 19 months, we remand for resentencing.

Sentence VACATED; case REMANDED for resentencing.