Rosa Maria NEVAREZ–MARTINEZ,
aka Rosa Maria Arteaga,
Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.

No. 02–70049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2003.

Filed April 16, 2003.

---

Vicky Dobrin, Hilary A. Han, Dobrin & Han, Seattle, WA, for the petitioner.

Anh–Thu P. Mai, Department of Justice, Washington, DC, for the respondents.

Before NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

## OPINION

NOONAN, Circuit Judge.

Rosa Maria Nevarez–Martinez (Nevarez) petitions for review of the decision of the Board of Immigration Appeals (the Board) ordering her removal from the United States as an alien convicted of a "theft offense" under 8 U.S.C. § 1101(a)(43)(G) and therefore as an aggravated felon. We hold that the record does not support the Board's conclusion. We grant Nevarez's petition.

## FACTS AND PROCEEDINGS

Nevarez, a native of Mexico, was admitted to the United States on March 21, 1979, and became a permanent resident here on this date at the age of one. On February 15, 2001, she was convicted of theft of a means of transportation as theft is defined by the state of Arizona. The Immigration and Naturalization Service (the INS) charged her with being convicted of an aggravated felony. On July 12, 2001, an immigration judge upheld the charge, finding her ineligible for any relief.

Nevarez appealed to the Board, which examined her case in the light of Arizona Revised Statute § 13–1814, defining "theft of a means of transportation." The Board followed Ninth Circuit precedent in proceeding to ask "whether the *full range of conduct* encompassed by the statute ... constitutes an aggravated felony." *United States v. Ceron–Sanchez*, 222 F.3d 1169, 1172 (9th Cir.2000) (citations, internal quotation marks and bracket omitted). The Board agreed with Nevarez that the statute was "divisible." The Board, however, determined that violation of any of the five sections of the statute constituted an aggravated felony and dismissed her appeal.

Nevarez petitions for review.

## ANALYSIS

■ *Jurisdiction.* Contrary to the contention of the government, because Nevarez was lawfully admitted to the United States, our jurisdiction is not affected by 8 U.S.C. § 1182(a)(2)(A)(i)(I).

■ We have no jurisdiction to review a final order of removal against an alien removable for having committed a crime covered by 8 U.S.C. § 1227(a)(2)(A)(II). A theft offense is such a crime. But we can review the order if the crime is not a theft offense. Consequently, the jurisdictional question and the merits collapse into one.

*Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir. 2000).

■ *Decision under review.* As the Board made the decision denying Nevarez's appeal, we review that decision, not the decision of the immigration judge. *Yepes–Prado v. United States INS,* 10 F.3d 1363, 1366 (9th Cir.1993).

*The Divisible Statute.* The Arizona statute reads as follows:

A. A person commits theft of means of transportation if, without lawful authority, the person knowingly does one of the following:

(1) Controls another person's means of transportation with the intent to permanently deprive the person of the means of transportation.

(2) Converts for an unauthorized term or use another person's means of transportation that is entrusted to or placed in the defendant's possession for a limited, authorized term or use.

(3) Obtains another person's means of transportation by means of any material misrepresentation with intent to permanently deprive the person of the means of transportation.

(4) Comes into control of another person's means of transportation that is lost or misdelivered under circumstances providing means of inquiry as to the true owner and appropriated the means of transportation to the person's own or another's use without reasonable efforts to notify the true owner.

(5) Controls another person's means of transportation knowing or having reason to know that the property is stolen.

Ariz.Rev.Stat. § 13–1814(A).

■ We agree with the Board that the statute is divisible, as it used that term, and that we must determine whether each kind of conduct encompassed by the statute constitutes an aggravated felony.

*Randhawa v. Ashcroft,* 298 F.3d 1148, 1152 (9th Cir.2002).

■ On examination, it is evident that neither section (2) nor section (4) nor section (5) constitutes theft in the generic sense of "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership even if such deprivation is less than total or permanent." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc).

What is critical in the generic definition is the criminal intent to deprive the owner. The Arizona statute requires knowledge, but the statute does not require intent for violation of (2), (4) or (5). Section (2), for example, could be violated by the renter of a rental car keeping the car beyond the date of return specified in the contract or by returning the car to an airport not identified in the contract. The section could also be violated by a college student driving his dad's car to a destination other than that for which his dad had given permission. Section 4 could be violated by a person at a hotel taking delivery from a valet of a rental car, not the one that he had parked, and keeping the car for the evening on the theory that rental cars are fungible (a case familiar to the author of this opinion). The examples could be multiplied. Three sections of the statute cover more than generic theft.

Petition Granted.