**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Daniel LOPEZ–CABALLERO, aka Daniel Lopez–Gonzalez, aka Daniel Lopez–Gomez, Defendant—Appellant.**

No. 01–50689.
D.C. No. CR–01–02224–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided June 19, 2003.

Before REINHARDT, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM *

Daniel Lopez–Caballero ("Lopez–Caballero") was convicted of being a deported

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

alien found in the United States, in violation of 8 U.S.C. § 1326. In determining Lopez–Caballero's sentence, the district court treated his prior conviction for grand theft of a vehicle, in violation of California Penal Code section 487h(a), as an "aggravated felony" and accordingly enhanced his sentence by eight levels pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(C) (2002).[1] Lopez–Caballero contends that the district court erred by treating his prior conviction as an "aggravated felony." We review for plain error[2] and reverse.

## I.

Lopez–Caballero was convicted of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The relevant sentencing provision for this crime is U.S.S.G. § 2L1.2, which allows for a sentencing enhancement if a defendant previously has been convicted of an "aggravated felony." *See* U.S.S.G. § 2L1.2(b)(1). To determine whether Lopez–Caballero's prior conviction was an "aggravated felony," we apply the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United*

*States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc). Under this approach, we first must "look to the statute under which the [defendant] was convicted and compare its elements to the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)." *Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir.2002) (citing *Taylor*, 495 U.S. at 602); *see also Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 886–87 (9th Cir.2003); *United States v. Perez–Corona*, 295 F.3d 996, 1001 (9th Cir. 2002). We do not examine the facts of the underlying conviction, but rather, "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602; *see also Corona–Sanchez*, 291 F.3d at 1203. Lopez–Caballero was convicted under California Penal Code section 487h(a).[3] We must compare the elements of this statute to the generic definition of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43).

The section of 8 U.S.C. § 1101(a)(43) that applies to a conviction for grand theft of a vehicle states that an "aggravated felony" includes a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Lopez–Caballero pled guilty to violating 8 U.S.C. § 1326 before the November 2001 amendments to the Sentencing Guidelines went into effect. The district court sentenced him, however, on November 26, 2001, according to the revised guidelines, which were in effect by that time.

2. Because Lopez–Caballero did not challenge in the district court the classification of his prior conviction as an "aggravated felony," we review for plain error rather than *de novo*. *See United States v. Jimenez*, 258 F.3d 1120, 1124 (9th Cir.2001), *cert. denied*, 534 U.S. 1151, 122 S.Ct. 1115, 151 L.Ed.2d 1009 (2002). We reject the government's argument that Lopez–Caballero's failure to raise this

issue in the district court was invited error. *See United States v. Perez*, 116 F.3d 840, 844–45 (9th Cir.1997) (en banc).

3. This statute states:

Every person who feloniously steals or takes any motor vehicle ... is guilty of grand theft, and upon conviction thereof, is punishable by imprisonment in the state prison for two, three, or four years or a fine of not more than ten thousand dollars ($10,000), or both, or by imprisonment in the county jail not to exceed one year or a fine of not more than one thousand dollars ($1,000), or both.

The statute was in effect at the time of Lopez–Caballero's conviction but was repealed by its own terms on January 1, 1993. *See* Cal.Penal Code § 487h(e).

[is] at least one year." 8 U.S.C. § 1101(a)(43)(G). In our en banc decision in *Corona–Sanchez*, we defined "theft offense" as:

> a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

*Corona–Sanchez*, 291 F.3d at 1205 (citing *Hernandez–Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir.2001)). To qualify as an "aggravated felony" under federal sentencing law, Lopez–Caballero's prior conviction must fit within this definition of "theft offense" *and* carry a prison term of at least one year.[4]

We are unable to determine under the categorical approach whether Lopez–Caballero's prior conviction qualifies as an "aggravated felony." As we concluded in *Corona–Sanchez* with respect to California Penal Code section 484(a), a defendant can be convicted of violating section 487h(a) for aiding and abetting a grand theft of a vehicle even if aiding and abetting is not specifically charged. *See Corona–Sanchez*, 291 F.3d at 1207–08; *see also People v. Orr*, 43 Cal.App.3d 666, 671, 117 Cal.Rptr. 738 (1974) (concluding that the jury "was justified in convicting defendant as a direct principal in the [grand] theft or as an aider and abettor to his companion who was driving the car" and noting that an aider and abettor is regarded under California law as a principal); Cal.Penal Code § 31 (including in its definition of a "principal" to a crime those who "aid and abet in its commission"); Cal.Penal Code § 971 (stating that aiding and abetting need not be alleged in any "accusatory pleading"

against a defendant who simply aids and abets in the commission of a crime). Due to the unique nature of California law with respect to pleading aiding and abetting liability, we conclude that under the categorical approach, "it would not be apparent from reference to the statute of conviction alone to discern whether or not the criminal act was embraced within the federal sentencing definition." *Corona–Sanchez*, 291 F.3d at 1208.

## II.

"If we find that the statute of conviction is not a categorical match because it criminalizes both conduct that does and does not qualify as an aggravated felony, then we proceed to a 'modified categorical approach.'" *Randhawa*, 298 F.3d at 1152 (citing *Taylor*, 495 U.S. at 602, and *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000)). Under the "modified categorical approach," we "conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially over-inclusive." *Randhawa*, 298 F.3d at 1152. This includes information such as the charging papers (indictment or information), jury instructions, a plea agreement, and the transcript of the plea proceedings. *See Taylor*, 495 U.S. at 602; *Corona–Sanchez*, 291 F.3d at 1211; *Perez–Corona*, 295 F.3d at 1000 n. 4; *Ye*, 214 F.3d at 1133.

The documents before the district court pertaining to Lopez–Caballero's state court conviction were the felony complaint and information (charging papers) and the abstract of judgment.[5] The Abstract of

---

4. Lopez–Caballero served two years in prison for his prior conviction for grand theft of an automobile, thus satisfying this element of 8 U.S.C. § 1101(a)(43)(G).

5. There was no plea agreement, transcript of the plea proceeding, or transcript of the sentencing hearing in the record.

Judgment states that Lopez–Caballero pled guilty to Count One of the indictment, which, in turn, states that Lopez–Caballero "did willfully and unlawfully steal and take a 1980 Chevrolet, ... then and there the property of Santos Sanchez." In California, however, the Government need not plead aiding and abetting liability in the indictment.[6] Therefore, although "[b]y pleading guilty to Count One, [Lopez–Caballero] admitted the facts alleged therein," *see United States v. Velasco–Medina*, 305 F.3d 839, 852 (9th Cir.2002), we are not convinced by the documents in this record that Lopez–Caballero admitted facts that establish that he was not an aider and abettor. *Cf. United States v. Chavaria–Angel*, 323 F.3d 1172, 1177 (9th Cir.2003) (concluding that the defendant's convictions were aggravated felonies where the government presented the indictments, the judgment of conviction, and the "Petition to Plead Guilty/No Contest and Waiver of Jury Trial" in which the defendant specifically admitted that he "sold cocaine to an undercover agent on 12–17–95" and that he "sold heroin on 12–11–96 for money").

We therefore conclude that the evidence in the record does not establish that Lopez–Caballero's prior conviction for grand theft of a vehicle was an "aggravated felony," and reverse and remand to the district court for resentencing. *See United States v. Matthews*, 278 F.3d 880, 888–89 (9th Cir.2002) (en banc).

REVERSED and REMANDED.

O'SCANNLAIN, Circuit Judge, dissenting.

I must respectfully dissent from the decision to reverse and to remand for resentencing. The majority's conclusion that we cannot determine under the modified categorical approach whether or not the defendant was convicted of an aggravated felony is flatly inconsistent with our decision in *United States v. Velasco–Medina*, 305 F.3d 839 (9th Cir.2002).

The issue in *Velasco–Medina* was whether or not a prior burglary conviction in California state court was an aggravated felony for purposes of sentencing in subsequent federal proceedings. *Id.* at 850–53. Under the modified categorical approach, we concluded that the conviction qualified as an aggravated felony, for two reasons: First, count one of the information set out the generic elements of burglary. *Id.* at 852. Second, the abstract of judgment indicated that the defendant pled guilty to count one of the information. We held that "[b]y pleading guilty to Count One, Velasco–Medina admitted the facts alleged therein." *Id.* (quoting *United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir.1997) ("[A] guilty plea conclusively proves the factual allegations contained in the indictment."), *and United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (a plea of guilty is an admission that the defendant "committed the crime charged against him.")). Because the information, together with the abstract of judgment "demonstrat[ed] that [the defendant] pleaded guilty to ... the elements of burglary, the district court properly imposed a sentencing enhancement." *Id.* at 853.

Precisely the same set of circumstances arise in this case. First, count one of the information sets out the generic terms of a theft offense. Second, the abstract of judgment indicates that Lopez–Caballero pled guilty to the crime charged. Just as in *Velasco–Medina*, "[b]y pleading guilty

---

**6.** We note that the allegations in the indictment essentially track the language of California Penal Code section 487h(a).

to County One," Lopez–Caballero has "admitted the facts alleged therein." *Id.* at 852. I therefore do not agree with the majority's conclusion that we cannot determine whether or not Lopez–Caballero was convicted of an aggravated felony. *Velasco–Medina* is squarely on point, and our decision today cannot be reconciled with the holding in that case.

Thus, I respectfully dissent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.