**Hector Molina ALIBUTOD, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71636.

INS No. A92–775–686.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2003.

Decided June 25, 2003.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Hector Molina Alibutod, a native and citizen of the Philippines, petitions for review of a Final Administrative Removal Order finding Alibutod removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony in the form of a theft offense as defined by INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). The removal ordered was issued to Alibutod pursuant to expedited removal proceedings under INA § 238(b), 8 U.S.C. § 1228(b). We dismiss the petition for review for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review a final order of removal against an alien who is removable for having been convicted of an

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

aggravated felony. However, this Court retains jurisdiction to determine whether the jurisdictional bar applies. *Randhawa v. Ashcroft,* 298 F.3d 1148, 1152 (9th Cir. 2002). This Court reviews *de novo* the threshold issue whether a particular offense constitutes an aggravated felony. *Park v. INS,* 252 F.3d 1018, 1021 (9th Cir.2001). Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

In *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002) (en banc), we held that the term "theft offense" under 8 U.S.C. § 1101(a)(43)(G) means "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Id.* at 1205 (quoting *Hernandez–Mancilla v. INS,* 246 F.3d 1002, 1009 (7th Cir.2001)). To determine whether a conviction falls within this definition of theft offense, we first use a categorical approach in which we compare the statute of conviction to the generic definition of theft offense. If the statute of conviction criminalizes conduct that goes beyond the generic definition, then the statute of conviction does not facially qualify as a theft offense that is an aggravated felony. *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 886–87 (9th Cir. 2003). The Court then looks to see, under a modified categorical approach, whether documentation or other judicially noticeable facts in the record indicate that the petitioner was actually convicted of the elements of the generically defined theft offense. *Id.* at 887.

On May 1, 2000, Alibutod pleaded guilty in the Superior Court of California to grand theft under California Penal Code § 484e(b). Section 484e, titled "Theft of access cards or account information," reads as follows:

(a) Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft.

(b) *Every person, other than the issuer, who within any consecutive 12–month period, acquires access cards issued in the names of four or more persons which he or she has reason to know were taken or retained under circumstances which constitute a violation of subdivision (a), (c), or (d) is guilty of grand theft.*

(c) Every person who, with the intent to defraud, acquires or retains possession of an access card without the cardholder's or issuer's consent, with intent to use, sell, or transfer it to a person other than the cardholder or issuer is guilty of petty theft.

(d) Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft.

Cal.Penal Code § 484e (emphasis added).

Under the categorical approach, Alibutod's conviction for grand theft under section 484e(b) qualifies as a theft offense, and thus, an aggravated felony. All subsections require the offender to take or exercise control over an access card or access card account information. An "access card" is defined as "any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access card, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument." Cal.Penal Code § 484d(2).

Cards, plates, codes, numbers, and information are all forms of property, tangible and intangible. Furthermore, subsections (a), (c), and (d), which are incorporated by subsection (b), all require that access cards be sold, transferred, conveyed, acquired, or retained "without the cardholder's or issuer's consent." Finally, subsections (a), (c), and (d) all require the offender to act "with the intent to defraud" or "with the intent to use [access card account information] fraudulently." Subsection (b) requires the offender to "[have] reason to know" that the access cards were taken or retained under circumstances that would constitute a violation of subsection (a), (c), or (d), thereby incorporating the criminal intent requirement. *See also Randhawa,* 298 F.3d at 1154. Section 484b as a whole does not criminalize conduct that goes beyond the generic definition of theft offense, and therefore, qualifies as a theft offense under the categorical approach.

Section 1101(a)(43)(G) defines an aggravated felony as "a theft offense ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Alibutod argues that he is not an aggravated felon as defined under § 1101(a)(43)(G) because the INS failed to establish that he was sentenced to at least one year in pris-

on for his grand theft conviction. This is incorrect. At the time Alibutod pleaded guilty to grand theft, he also pleaded guilty to possession of a controlled substance. He was sentenced to a prison term of one year and four months for *each* conviction, both sentences to be served concurrently.

Because Alibutod's grand theft conviction qualifies as a theft offense and an aggravated felony warranting removal under 8 U.S.C. § 1227(a)(2)(A)(iii), we lack jurisdiction over Alibutod's petition for review. 8 U.S.C. § 1252(a)(2)(C). Where we lack jurisdiction to review a petitioner's removal order under 8 U.S.C. § 1252(a)(2)(C), we also lack jurisdiction to consider the petitioner's constitutional claims. *Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1070 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED.

JAMES R. BROWNING, Circuit Judge, concurring.

I concur in the disposition because the statute at issue in this case is nearly identical in structure to the statute at issue in *Randhawa v. Ashcroft,* 298 F.3d 1148 (9th Cir.2002). Both statutes criminalize mere possession of items known to have been acquired with criminal intent.[1] However,

---

1. The statute in this case, California Penal Code § 484e, titled "Theft of access cards or account information," states the following:

(a) Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft.

(b) *Every person, other than the issuer, who within any consecutive 12–month period, acquires access cards issued in the names of four or more persons which he or she has reason to know were taken or retained under circumstances which constitute a violation of subdivision (a), (c), or (d) is guilty of grand theft.*

(c) Every person who, with the intent to defraud, acquires or retains possession of an access card without the cardhold-

er's or issuer's consent, with intent to use, sell, or transfer it to a person other than the cardholder or issuer is guilty of petty theft.

(d) Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft.

Cal.Penal Code § 484e (emphasis added). In *Randhawa,* the statute at issue provided:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other au-

the analysis and decision in *Nevarez–Martinez v. INS*, 326 F.3d 1053 (9th Cir.2003), cause me to doubt the resolution of this case.

As the disposition notes, this Court has held that "theft offense" for the purposes of removal under 8 U.S.C. § 1101(a)(43)(g) means "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1204 (9th Cir. 2002) (en banc). California Penal Code Section 484e(b), under which Alibutod was convicted, requires the offender to "[have] reason to know" that access cards were taken or retained under circumstances constituting a violation of Section 484e(a), (c), or (d) but does not explicitly require the possessor of the access cards to posses them with criminal intent. The disposition, following *Randhawa*, holds that the statute's reference to subsections requiring intent incorporates the criminal intent requirement into the subsection criminalizing knowing possession. *Randhawa* holds that "we infer the requisite criminal intent under our generic definition" from the offender's knowledge that the mail he possesses is stolen; "an individual who possesses mail he or she knows to be stolen necessarily intends to deprive the mail's true owner of his or her rights and benefits of ownership." 298 F.3d at 1154.

Rather than inferring criminal intent from knowing possession, the *Nevarez–Martinez* Court found that a statute which did not explicitly require intent did not qualify as a theft offense because the panel could conceive of hypotheticals in which someone could technically violate the terms of the statute without exhibiting the requisite criminal intent. *Nevarez–Martinez*, 326 F.3d at 1055. Similarly, a person could engage in conduct matching the terms of the statute under which Alibutod was convicted without criminal intent to deprive the rightful owner of the rights and benefits of ownership. For example, person X steals five access cards and, for whatever reason, hands them to person Y, indicating the cards were stolen. Person Y takes possession of the cards, knowing they were initially taken with the intent to defraud, and intends to return them to a bank or police station. Under the statute, person Y would be guilty under Section 484e(b) as a person, other than the issuer, who, within a consecutive 12–month period, acquired access cards which she has reason to know were taken with intent to defraud. (It is, of course, unlikely that person Y would be prosecuted, but the same could be said of the hypothetical car renter in *Nevarez–Martinez* who keeps the car past the contract time.) Even though

thorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein;

or Whoever steals, takes, or abstracts, or by fraud or deception obtains any letter, postal card, package, bag, or mail, or any article or thing contained therein which has been left for collection upon or adjacent to a collection box or other authorized depository of mail matter;

*or Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—*

Shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1708 (emphasis added).

her conduct falls under the statute, person Y would have acted without criminal intent, and would not be committing a "theft offense" warranting removal. *See Corona–Sanchez,* 291 F.3d at 1204.

The approach taken in *Nevarez–Martinez* makes sense. The purpose of the categorical inquiry is to determine "whether the *full range of conduct* encompassed by the [statute of conviction] constitutes an aggravated felony." *Nevarez–Martinez,* 326 F.3d at 1054 (quotation marks and citation omitted); *see United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999). If the Court can easily present hypothetical conduct encompassed by the statute of conviction which does not constitute an aggravated felony, then the statute of conviction is not a categorical match. Under such a statute, aliens convicted of crimes matching the definition of a "theft offense" may still be removed under the modified categorical approach. Following a modified categorical approach, the Court conducts "a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially over-inclusive." *Randhawa,* 298 F.3d at 1152. *See Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

Finally, "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *St. Cyr v. INS,* 533 U.S. 289, 321, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (discussing this general proposition in the retroactivity context). Indeed, "[p]reserving the [alien defendant]'s right to remain in the United States may be more important to the [alien defendant] than any potential jail sentence." *Id.* (quoting 3 Bender, Criminal Defense Techniques §§ 60A.01, 60A.02[2] (1999)). An alien could agree to a guilty plea under a statute that does not require intent for the express reason that the conviction would not categorically warrant removal as an aggravated felon. Categorically inferring intent from statutory sections that do not explicitly require intent, as we do here, makes it more difficult for aliens to predict the immigration consequences of their plea agreements. In such instances, proceeding under the modified categorical approach better serves the interests of justice.