# UNITED STATES of America, Plaintiff—Appellee,

## v.

# Israel Arturo SERRATO–ESPINOZA, Defendant—Appellant.

## No. 03–50430.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 22, 2004.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Gerald B. Singleton, Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

Israel Serrato–Espinoza appeals his conviction under 8 U.S.C. § 1326 for illegal reentry after deportation. We affirm, though on different grounds than those underlying the district court's decision. Because the facts are familiar to the parties, we will not recite them here.

Although the immigration judge at Serrato–Espinoza's underlying deportation hearing in 2000 violated Serrato–Espinoza's due process rights by failing to inform him of the possibility of relief under 8 U.S.C. § 1182(c) (1994) ("Section 212(c) relief"),[1] Serrato–Espinoza has not shown that he "suffered prejudice as the result of the defects."[2] Accordingly, we affirm.

Aggravated felony convictions that occurred after the enactment of the Illegal Immigration Reform and Immigrant Re-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** *See United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1050 (9th Cir.2004).

**2.** *Id.* at 1048 (internal quotation marks and citation omitted).

sponsibility Act[3] independently bar Section 212(c) relief.[4] Serrato–Espinoza has such a conviction. The guilty plea proceeding transcript of which we have already taken judicial notice definitively shows that Serrato–Espinoza's 1999 conviction satisfies the generic elements of a theft offense.[5] Accordingly, he cannot show that a plausible ground for relief from deportation existed,[6] despite counsel's Herculean efforts. Therefore, we affirm.

AFFIRMED.

---

**3.** Pub.L. No. 104–208 Div. C, § 304(b), 110 Stat. 3009 (1996).

**4.** *See United States v. Gonzalez–Valerio,* 342 F.3d 1051, 1054 (9th Cir.2003).

**5.** *See United States v. Corona–Sanchez,* 291 F.3d 1201, 1205 (9th Cir.2002) (en banc). We are not persuaded that *Nevarez–Martinez v. INS,* 326 F.3d 1053 (9th Cir.2003), *Huerta–Guevara v. Ashcroft,* 321 F.3d 883 (9th Cir. 2003), or *United States v. Perez–Corona,* 295 F.3d 996 (9th Cir.2002) altered the definition of a theft offense adopted in *Corona–Sanchez. Corona–Sanchez,* 291 F.3d at 1205 (adopting a definition of "theft offense" that included "less than total or permanent" deprivations).

In those three opinions, we focused on the lack of criminal intent in the statutes at issue, rather than on the "de minimis" nature of the deprivation. *Compare Nevarez–Martinez,* 326 F.3d at 1055, *Huerta–Guevara,* 321 F.3d at 887—88, and *Perez–Corona,* 295 F.3d at 1001, with *Corona–Sanchez,* 291 F.3d at 1205.

**6.** *See Ubaldo–Figueroa,* 364 F.3d at 1048.

