Joseph Clive **PETERSON**, Petitioner,

v.

Alberto **GONZALES**, Attorney General,* Respondent.

No. 03–74693.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided April 14, 2005.

Joseph Clive Peterson, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Mary Jane Candaux, Esq., Julia Doig Wilcox, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM **

After Joseph Peterson was convicted of attempting to possess a stolen vehicle, an

---

**2.** *See Tawadrus*, 364 F.3d at 1102.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. *See* Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order of removal under 8 U.S.C. § 1227(a)(2)(A)(iii) was issued against him. We grant his petition for review.

Peterson's 1998 conviction does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43). Peterson was convicted of attempted violation of Utah Code Ann. § 41–1a–1316, which contained subparts that do not require the requisite criminal intent of a qualifying theft offense. *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir.2002) (defining theft offense). Therefore, the full range of conduct prohibited by the statute did not constitute a theft offense within the meaning of 8 U.S.C. § 1101(a)(43)(G). *See Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir.2003); *United States v. Perez–Corona*, 295 F.3d 996, 1001 (9th Cir.2002). Because Utah Code Ann. § 41–1a–1316 is not a theft offense under § 1101(a)(43)(G), it is not a described offense for purposes of § 1101(a)(43)(U), so a conviction for attempted violation of § 41–1a–1316 does not qualify as an aggravated felony, either.

Because Peterson is not removable on the basis of his 1998 conviction, we need not address his request for a hearing on his citizenship claim. 8 U.S.C. § 1252(b)(5)(B).

PETITION GRANTED; ORDER OF REMOVAL VACATED.