MEMORANDUM **
Rigoberto Burboa appeals his 24-month sentence, which the district court imposed after Burboa pled guilty to one count of Illegal Re-entry After Deportation in violation of 8 U.S.C. § 1326(a). Burboa challenges the district court’s determination that he suffered a prior aggravated felony conviction for purposes of enhancement under U.S.S.G. § 2L1.2(b)(1)(C). The government contends that Burboa cannot appeal his sentence because he knowingly and voluntarily waived his appellate rights in his plea agreement. The government also argues that even if appellate jurisdiction exists, the district court correctly determined that Burboa’s prior conviction constituted an aggravated felony for purposes of § 2L1.2(b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In light of the district court’s oral representation to Burboa during the sentencing hearing, the waiver of appellate rights in the plea agreement is not a jurisdictional bar to Burboa’s appeal. See United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.), cert. denied, 516 U.S. 970, 116 S.Ct. 430, 133 L.Ed.2d 345 (1995). The district court, however, did not err in calculating Burboa’s advisory Guideline sentence. See United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir.2006).
*140 Burboa argues that, because the state court records contained a Sentence of Imprisonment that listed the prior conviction as one count of “(Amended) Theft of Means of Transportation” rather than “Attempted Theft of Means of Transportation,” it is possible that the state court may have actually sentenced Burboa under a sub-section of Arizona Revised Statutes (A.R.S.) § 13-1814 that this court has determined does not qualify as an aggravated felony. See Nevarez-Martinez v. INS, 326 F.3d 1053, 1055 (9th Cir.2003) (holding that A.R.S. § 13-1814 is a divisible statute, with conviction under some sub-sections resulting in aggravated felony convictions and others not depending on whether the sub-section includes the element of intent to deprive).
Contrary to Burboa’s argument, under Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the district court was not required to submit the disputed facts to a jury. United States v. Velasquez-Reyes, 427 F.3d 1227, 1229 (9th Cir.2005) (citing United States v. Pacheco-Zepeda, 234 F.3d 411, 415 (9th Cir.2000)). The district court therefore did not err in resolving the factual discrepancy and concluding that the state court judgment contained a scrivener’s error.
Moreover, under the modified categorical approach, the district court concluded that Burboa was convicted of A.R.S. § 13-1814(A)(1), a subsection of § 13-1814 that qualifies as an aggravated felony. See United States v. Hernandez-Hernandez, 431 F.3d 1212, 1217 (9th Cir.2005) (describing modified categorical approach to determining whether a prior conviction may be used for sentence enhancement). Having carefully reviewed the record, we agree. Accordingly, the district court did not err in applying the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) in determining Burboa’s advisory Guideline sentence.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.